**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| GAMELLE CALIZTE, | Case No. 1:21-mc-12 |
| Plaintiff, | Cole, J.<br>Bowman, M.J. |
| v. | |
| ALLEN SIMPSON JR., et al., | |
| Defendants. | |

### REPORT AND RECOMMENDATION[1]

On July 20, 2021, Defendants, through counsel and/or Defendants' "Compliance Manager,"[2] opened this miscellaneous case in order to file a motion entitled "Request for Issuance of Ohio United States District Court Case Number." (Doc. 2).  The motion seeks the issuance of a subpoena duces tecum by the Clerk of Court pursuant to the Uniform Interstate Discovery & Deposition Act ("UIDDA").  Defendants explain that they seek the subpoena in order to obtain records "germane to the nature of the case referenced above," in order "to establish a defense regarding the allegations" filed against Defendants in that case. (*Id.*)

The referenced case number pertains to an automobile negligence case filed in state court in the 15th Judicial District of Florida.  *See Calizte v. Simpson*, Florida Case

---

[1] Ordinarily, discovery matters including matters relating to the issuance of subpoenas are considered non-dispositive matters that are addressed by Order.  Out of an abundance of caution, because the undersigned is recommending the closure of this miscellaneous case for lack of jurisdiction, the undersigned issues this Report and Recommendation in lieu of an Order.

[2] The motion was filed and signed by "Dawn L. Foens, Compliance Manager," who is presumed to be a non-attorney.  Ms. Foens filed the motion on behalf of John A. Landreth, who is identified by his Florida bar number as counsel for Defendants.  A non-attorney cannot appear on behalf of any other individual or corporation.  In addition, Mr. Landreth does not appear to be a member of the bar of this Court.

No. 50 2021-CA-000871-XXXXMB. The undersigned takes judicial notice of the fact that state court records reflect the referenced case was filed on January 21, 2021. It appears from a review of the parties in that case that Defendants seek the issuance of a subpoena from this federal court in order to obtain records from a non-party in the state court case.

This Court has no jurisdiction to grant Defendants the requested relief of issuing any form of subpoena under the UIDDA for use in a Florida state court case. First, the application of the UIDDA is limited to state court in those states that have adopted it.[3] The UIDDA has no application in federal court.

> [T]he purpose of the UIDDA, as outlined by the Drafting Committee, is to "establish[ ] a clerical procedure under which a **trial state subpoena** can be used to issue a discovery state subpoena." *See* Prefatory Note § 3, UIDDA (emphasis added). The UIDDA contains no mention of its applicability to subpoenas issued by federal courts in cases pending in federal court.

*Midwest Feeders, Inc. v. Bank of Franklin*, 2016 WL 7422560, at *4 (S.D.Miss., May 16, 2016) (emphasis original).

The *federal* procedural rule that applies to the issuance of subpoenas in this Court is Rule 45, Fed. R. Civ. A partial copy of Rule 45 accompanies the Defendants' motion, though the motion contains no discussion of it. In any event, Rule 45 also cannot be used to obtain a subpoena duces tecum for use in the referenced Florida state court case. Rule 45 may be used when a party to a federal case seeks to enforce or to quash a subpoena issued by another federal court. However, a subpoena sought under Rule 45 "must issue from the [federal] court where the action is pending." See Fed. R. Civ. P. 45(a)(2).

---

[3] *See, e.g.*, Ohio R.C. 2319.09 (Ohio's codification of the Uniform Foreign Depositions Act).

2

Accordingly, **IT IS RECOMMENDED THAT** Defendants' motion for issuance of a "case number" and/or issuance of subpoenas for use in pending Florida state court litigation (Doc. 2) be **DENIED**, and that this miscellaneous case be **CLOSED** for lack of jurisdiction.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| GAMELLE CALIZTE, | Case No. 1:21-mc-12 |
| Plaintiff, | Cole, J. |
| | Bowman, M.J. |
| v. | |
| ALLEN SIMPSON JR., et al., | |
| Defendants. | |

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).