# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**GAMAELLE CALIXTE,**

    **Plaintiff,**

    v.

**ALLEN SIMPSON, JR., et al.,**

    **Defendants.**

Case No. 1:21-mc-12
**JUDGE DOUGLAS R. COLE**
Magistrate Judge Bowman

## ORDER

This cause comes before the Court on the Magistrate Judge's August 10, 2021, Report and Recommendation ("R&R") (Doc. 3), in which the Magistrate Judge recommends denying Defendants' request for a subpoena. For the reasons stated more fully below, the Court **ADOPTS** the Report and Recommendation (Doc. 3), **DENIES** Defendants' Request for Issuance of Ohio United States District Court Case Number ("Request") (Doc. 2), and **DISMISSES** this action **WITHOUT PREJUDICE**.

To start, the R&R advised the parties that failing to object within 14 days could result in forfeiture of rights on appeal, which includes the right to District Court review. (*See* Doc. 3, #19). *See also Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed."); *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (noting "fail[ure] to file an objection to the magistrate judge's R&R … is forfeiture"); 28 U.S.C. § 636(b)(1)(C). Accordingly, the

parties here needed to object by August 24, 2021. The time for filing objections has since passed, and no party has objected.

Nonetheless, although no party has objected, the advisory committee notes to Federal Rule of Civil Procedure 72(b) suggest that the Court still must "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See also Mavrakis v. Warden*, No. 5:17-cv-2398, 2018 WL 4104187, at *3 (N.D. Ohio Aug. 28, 2018) (reviewing for clear error absent an objection to a Magistrate Judge's R&R); *Mason v. Comm'r of Soc. Sec.,* No. 1:10 CV 2456, 2011 WL 3022016, at *1 (N.D. Ohio July 22, 2011) (same); *Malone v. Nike*, No. 2:18-cv-02505-TLP-cgc, 2020 WL 4106316, at *2 (W.D. Tenn. July 20, 2020) (same).

The Court has reviewed the R&R and determined that it does not contain "clear error on [its] face." Fed. R. Civ. P. 72(b) (advisory committee notes). Allen Simpson, Jr., and Stan Koch & Sons Trucking, Inc., are the Defendants in an automobile negligence case filed in Florida. (R&R, Doc. 3, #13). While Defendants represent in their papers that the action is pending in a *federal* court in Florida, the Magistrate Judge determined that the case number Defendants provided actually corresponds to a matter pending in Florida *state* court. (*Id.* at #13–14). In any event, Defendants seek to open a miscellaneous case in this District, through which they are seeking a subpoena from this Court to obtain discovery from an Ohio party, First Transit, Inc. ("First Transit"), that is not a party to the Florida state action. (Request, Doc. 2, #3). In her R&R, the Magistrate Judge concludes that this Court lacks authority to compel

2

that discovery under either the Uniform Interstate Deposition and Discovery Act ("UIDDA") or Federal Rule of Civil Procedure 45. (Doc. 3, #14).

The R&R appears correct on both counts. The UIDDA provides this Court no authority to compel the requested discovery because it applies only in state court, not federal court. (*Id.*). Meanwhile, Federal Rule of Civil Procedure 45 provides this Court no authority to compel discovery for the Florida state-court case in question because a subpoena under that Rule is available only when an action is pending in federal court, and then only from the federal court where the action is pending. (*Id.* (citing Fed. R. Civ. P. 45(a)(2)). Thus, even if the Florida case at issue here were a federal action, which it appears not to be, the Defendants should have issued the subpoena from the federal court in Florida where the action was pending, not from this Court. *See* Fed. R. Civ. P. 45(a)(2). It is only if the subpoenaed party, First Transit, sought to modify or quash that subpoena, that an action would be appropriate here. *See* Fed. R. Civ. P. 45(d)(3)(A).

In short, the Court finds no error, much less clear error, in the Magistrate Judge's conclusion that this Court lacks authority to order the requested discovery. Accordingly, the Court **ADOPTS** the Report and Recommendation (Doc. 3), **DENIES** Defendants' Request (Doc. 2), and **DISMISSES** this action **WITHOUT PREJUDICE**.

**SO ORDERED.**

January 5, 2022
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**